**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JOHN DAVID LEE | ) | CASE NO. 09-35921 |
| Debtor | ) | CHAPTER 7 |
| _____ | ) | |

**MEMORANDUM OPINION**

This matter comes before the Court on the Motion for Contempt Seeking Damages For Violation of the Automatic Stay and to Deem State Court Order Void As a Violation of the Automatic Stay ("Motion for Sanctions") filed by the Debtor and the motion to dismiss this pleading filed by Jill Lee, now Stanley ("Stanley"). The facts in this case are not in dispute. Debtor and Stanley married on July 20, 1991, and on November 17, 2008, they filed for divorce in Jefferson Family Court. While that domestic relations proceeding was progressing, the Debtor filed for Chapter 7 bankruptcy relief on November 17, 2009. On January 26, 2010, while the bankruptcy case was still open, the Family Court entered an order ("Family Court Order") directing the Debtor to pay Stanley's attorney's fees of $40,000 and also ordered the Debtor to pay $1,506.00 per month toward "marital debt."

On March 2, 2010, a little over a month after the Family Court Order, the Debtor received his bankruptcy discharge. On that same date, the Court closed the Debtor's bankruptcy case.

On January 16, 2012, almost two years after the entry of the Family Court Order and the closing of the bankruptcy case, the Debtor moved to reopen his bankruptcy case in order to file this Motion for Sanctions. The Court granted that motion by Order dated January 17, 2012. In the Debtor's Motion for Sanctions, the Debtor contends the Family Court Order is void because it was entered while the Chapter 7 bankruptcy case was proceeding. Debtor also asks that this Court hold Stanley in contempt and order Stanley to reimburse Debtor for all amounts paid toward the Family

Court Order.

Stanley filed a response contesting the allegations in the Motion for Sanctions. She also filed a motion seeking to dismiss the Motion for Sanctions.

The Court must deny the Debtor's Motions for Sanctions for a variety of reasons. First, the Debtor should have raised any concerns about the Family Court Order back in 2010, while the bankruptcy case was still open. The Debtor offers no justification for not raising these arguments after the entry of the Family Court Order on January 26, 2010, and before the closing of the bankruptcy case on March 2, 2010. Nor does the Debtor offer any justification for waiting almost two years after the entry of the Family Court Order and the closing of the bankruptcy case to raise these arguments. Under the doctrines of laches, this Motion for Sanctions must be denied as untimely. Laches requires an inexcusably long delay in commencing an action which causes prejudice to the other party. Patton v. Bearden, 8 F.3d 343 (6th Cir. 1993). As stated above, the Debtor has waited for almost two years to bring this motion, a period of time this Court would consider "inexcusably long." Plus, to try and unwind these parties transactions after nearly two years would certainly prejudice Stanley.

Second, 11 U.S.C. § 362(b)(2)(A) states the automatic stay established by §362(a) does not apply to the commencement or continuation of a civil action for the establishment or modification of an order for domestic support obligations. Section 101(14A) defines a "domestic support obligation," in relevant part, as a debt that is "owed to or recoverable by ... a spouse, former spouse, or child of the debtor or such child's parent, legal guardian or responsible relative" and that is in the nature of support of the debtor's child or child's parent "without regard to whether such debt is expressly so designated" and is established by "an order of a court of record." 11 U.S.C. § 101(14A). All of these elements must be met to qualify as a domestic support obligation. In re Forgette, 379 B.R. 623, 625 (Bankr. W.D. Va. 2007). Here, all the debts established by the Family Court Order

clearly and unequivocally qualify as domestic support obligations. The debts at issue are owed to or recoverable by Stanley, the former spouse of the debtor. The order of a court of record, the Family Court, established the debt.

The only point the Debtor seems to be contesting is whether these debts are in the nature of support. With respect to the attorney's fees, the Debtor acknowledges in his motion, that attorney fees awarded in a domestic relations action can be deemed as support. Indeed, the vast majority of cases to consider the issue have held attorney fees are support obligations. The "award of attorney fees in a divorce judgment is usually found to be in the nature of support and thus nondischargeable." Goans v. Goans (In re Goans), 271 B.R. 528, 532 (Bankr. E.D. Mich. 2001) (citations omitted); Pauley v. Spong (In re Spong), 661 F.2d 6 (2d Cir.1981); In re Smither, 194 B.R. 102 (Bankr. W.D. Ky. 1996); Hodges v. Martin J. Holmes & Assoc. (In re Hodges), 139 B.R. 846 (Bankr. N.D. Ohio 1991). The Debtor takes the position that because the Family Court called the attorney fee award a "common law judgment," this somehow makes the award not a support obligation. The Court disagrees. No matter the nomenclature used by the Family Court, an award of attorney fees in regard to a divorce proceeding is a debt in the nature of support.

The Court now turns to the Debtor's $1,506.00 monthly payment to Stanley as required in the Family Court Order. The Family Court ordered the Debtor to make this payment "toward his share of the marital debts." The payment of this debt must be put into context with an order previously entered by the Family Court. On October 11, 2010, the Family Court entered an order which contains the following language:

> Mr. Lee was order [sic] to contribute $3,500 per month to the household bills between November 24, 2008 and August 1, 2009. His obligation was then reduced to reduced to [sic] $2,500 per month. It was further reduced to $1,506 effective January 26, 2010. Mr. Lee paid $3,500 per month to Ms. Stanley through November of 2009, but he has not paid any amount towards the household bills since that time.

Stanley's Exhibit 6 October 11, 2010 Family Court Order p. 6.  From a review of these orders, the Debtor was ordered to make these monthly payment to assist Stanley with "household bills."  Thus, the only logical and fair reading of the Family Court orders is to find this monthly debt to be in the nature of support.  Because both the debts in question, the attorney fee award and the monthly maintenance payment, are domestic support obligations, they fall within § 362(b)(2)(A)'s exception to the automatic stay established by § 362(a).

The Court will conclude with a cautionary warning to Debtor's Counsel.  While the Court certainly appreciates zeal by attorneys, those attorneys must act within the confines of Fed. R. Bank. P. 9011 (Fed. R. Civ. P. 11).  Rule 11 requires every pleading filed before a court to be supported by existing law or a good faith argument for the extension, modification, or reversal of existing law.  The pleading filed before this Court comes dangerously close to crossing the Rule 11 threshold.  Neither the facts or the existing law supported the Debtor's contentions.  Furthermore, considering the history of the litigation between the Debtor and Stanley, Debtor's Counsel should have taken a more thorough review of the facts and law before re-igniting the litigation between these two parties.  The domestic issues between the Debtor and Stanley were decided in Family Court, and Counsel's belated attempt to drag that litigation into Bankruptcy Court was not well considered.  Future lapses of judgment in this nature may result in sanctions.  An order accompanying this Memorandum will be entered this same date.

_____
Alan C. Stout
United States Bankruptcy Judge

Dated: February 8, 2012

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| JOHN DAVID LEE | ) | CASE NO. 09-35921 |
| Debtor | ) | CHAPTER 7 |
| _____ | ) | |

**ORDER**

Pursuant to the Court's Memorandum entered this date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the Motion for Contempt Seeking Damages For Violation of the Automatic Stay and to Deem State Court Order Void As a Violation of the Automatic Stay Motion for Relief from Stay and Abandonment is **DENIED**.

**IT IS FURTHER ORDERED** that the motion to dismiss the motions for sanctions is **GRANTED**.  The Court will not, however, keep this bankruptcy case open as requested by Stanley.

This is a final and appealable order and there is no just reason for delay.

_/s/ Alan C. Stout_
Alan C. Stout
United States Bankruptcy Judge
Dated: February 8, 2012